UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MONOLITO B. COOPER, )
    *Plaintiff*, )
 )
v. ) Case No. 1:24-cv-00173-CEA-CHS
 )
BILL LEE, in his official capacity as )
Governor of Tennessee, John Doe, )
etc. etc. )
    *Defendants*. )

## REPORT AND RECOMMENDATION

**I.    Introduction**

Plaintiff Monolito B. Cooper, currently incarcerated at the Riverbend Maximum Security Institution and proceeding pro se, brings this action against Defendants under 42 U.S.C. § 1983 for alleged violations of the United States Constitution's prohibition against *ex post facto* laws [Doc. 1]. Specifically, Plaintiff challenges the various iterations of Tennessee's legislation regarding sex offender registration. [*Id.*]. This Court "shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(b)(ii). For the reasons stated herein, the Court **RECOMMENDS** that: (1) Plaintiff's suit be **DISMISSED** for failure to state a claim upon which relief can be granted.

**II.    Background**

Plaintiff's suit is virtually identical to one he filed three and a half months prior. *See Cooper v. Lee*, 1:24-cv-49 (filed Feb. 5, 2024). In summary, Plaintiff alleges:

- He entered into a plea agreement in 1992. [Doc. 2 at 6].

- The various acts and amendments that have instituted the Tennessee sex offender registry ("TN SOR Laws") came into existence after his plea agreement. [Doc. 2 at 4-6].

- The TN SOR Laws violate the Constitution. [*Id.*].

III. **Standard of Review**

The standard required by § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV. Discussion

Plaintiff names Tennessee Governor Bill Lee as a defendant in this lawsuit. [Doc. 2 at 3]. As additional defendants, Plaintiff names "John Doe; Etc. etc." [*Id.*].

In *Doe v. Lee*, the Sixth Circuit found that Plaintiffs challenging Tennessee's sex offender registry did not have standing to sue the governor of Tennessee in his official capacity. 102 F.4th 330, 332-36 (6th Cir. 2024). Therefore, Plaintiff does not have standing to sustain these claims against Governor Lee in his official capacity.

"Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a "John Doe" appellation or similar pseudonym." *Brumlow v. Hamilton Cnty., Tennessee*, No. 1:16-CV-394, 2019 WL 613217, at *5 (E.D. Tenn. Feb. 13, 2019). However, Plaintiff does not identify anyone in his Complaint who is being characterized by the "John Doe" placeholder. Therefore, Plaintiff is not temporarily unable to ascertain a defendant's actual name. Even construed liberally, Plaintiff's Complaint simply does not connect the name John Doe to any actual person whose name can be ascertained later.

These deficiencies leave Plaintiff's claim without any defendant against whom the action can proceed. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

V. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that:

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

1. Plaintiff's claims against Bill Lee, in his official capacity as Governor of Tennessee, be **DISMISSED WITH PREJUDICE**.

2. Plaintiff's suit be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE